IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                          Case Nos.:        4:09cr65/RH/CAS
                                                               4:16cv315/RH/CAS

JOHN JUNIOR WILKERSON,
        Defendant.

_____

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 109).   Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, it is the opinion of the undersigned that Defendant's motion should be summarily dismissed.

Case Nos. 4:09cr65/RH/CAS; 4:16cv315/RH/CAS

## BACKGROUND and ANALYSIS

Defendant John Junior Wilkerson pleaded guilty to three counts of a four count indictment.   (ECF No. 51).   Count One charged him with conspiracy to possess with intent to distribute five grams or more of cocaine base, Count Three charged him with being a felon in possession of a firearm, and Count Four charged him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The plea agreement provided that Defendant faced a mandatory minimum term of twenty-five years imprisonment on the latter count.   (ECF No. 51). This enhanced penalty was required due to Defendant's prior conviction under the same statute in conjunction with a 2004 bank robbery, a crime of violence.   (*See* 18 U.S.C. § 924(c)(1)(C)(i); ECF No. 78, PSR ¶ 31). Defendant was sentenced in April of 2010 to concurrent sentences of 60[1] and 46 months respectively on Counts One and Three, followed by the statutory mandatory sentence of 300 months on Count Four.   (ECF No. 76).

---

[1] But for the application of a statutory minimum mandatory sentence, Defendant's guidelines range on Count One would have been 46 to 57 months.    (ECF No. 78, PSR ¶ 60).

Defendant did not appeal, but filed the instant motion to vacate on May 25, 2016.   In his motion, he asserts that his sentence on Count Four was enhanced in violation of his fifth amendment right to due process in light of Johnson v. United States, 135 S.Ct. 2551 (2015).

In Johnson, the Supreme Court held that the so-called residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii), was unconstitutionally vague.   Defendant was not sentenced as an armed career criminal, and as such, the ruling in Johnson is facially inapplicable to Defendant's case.

Defendant argues for the extension of Johnson to title 18 U.S.C. § 924(c).   He maintains that his 2004 conviction of using and carrying a firearm during and in relation to a crime of violence is now improper because bank robbery in violation of 18 U.S.C. § 2113 is no longer a crime of violence after Johnson.   Defendant asserts that his bank robbery conviction was categorized as a violent crime using a "flawed and unconstitutional method of determination" and maintains that the "residual clause" of § 924(c) was invalidated by the Johnson decision.   To the extent the court understands Defendant's contention, and to the extent it is properly before the court, it is without merit.

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

Title 18 U.S.C. § 924(c)(3)(A) defines a crime of violence as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."   The definition continues in § 924(c)(3)(B) to encompass offenses that "by [their] nature "involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." These definitions are loosely parallel to the "elements clause" and the "enumerated offenses/residual clause" of the ACCA, contained in 18 U.S.C. section 924(e)(2)(B).   The statute proscribing bank robbery, title 18 U.S.C. § 2113(a), criminalizes the taking of property or money from any bank or credit union "by force and violence, or by intimidation."   In order to prove a violation of 18 U.S.C. § 2113(a), the government must prove: 1) an individual or individuals, 2) used force and violence, or intimidation, 3) to take or attempt to take, 4) from the person or presence of another, 5) money, property, or anything of value, 6) belonging to or in the care, custody, control, management or possession, 7) of a bank, credit union, or savings and loan association.   *See* United States v. Baker, 17 F.3d 94, 96 (5th Cir. 1994); United States v. Kelley, 412 F.3d 1240 (11th Cir. 2005); United States v. Facon, 573 F.App'x 925 (11th Cir. 2014).   Because force

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

violence or intimidation is an element of bank robbery, the crime is properly characterized as a violent felony under the elements clause.   The facts set forth in Defendant's PSR support this characterization, as the PSR reflects that during the 2004 offense conduct, Defendant "brandished a handgun and held said weapon to the head of a bank employee."   (ECF No. 78, PSR ¶ 31).   Therefore, even if <u>Johnson</u> is found to impact the definition of crime of violence contained within section 924(c)(3)(B),[2] as Defendant suggests, it would be of no import.   Defendant's 2004 conviction for using a firearm during and in relation to a crime of violence was supported by the underlying bank robbery, a crime of violence under the "elements clause" portion of the definition in 18 U.S.C. § 924(c)(3)(A).   In turn, his 2004 conviction was properly used to designate the instant § 924(c) conviction as Defendant's second conviction under the statute, subjecting him to the enhanced mandatory penalty.   He is not entitled to relief.

---

[2] *See* <u>In re Pinder</u>, Case 16-12084 (11th Cir., June 1, 2016) (permitting a defendant to file a successive § 2255 motion to bring a <u>Johnson</u> challenge to § 924(c)).

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

Case 4:09-cr-00065-RH-CAS   Document 110   Filed 06/02/16   Page 6 of 7

Page **6** of **7**

In conclusion, because it is plain from the face of the motion and the record of prior proceedings that Johnson affords Defendant no relief, his motion should be summarily denied and dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by

either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The motion to vacate, set aside, or correct sentence (ECF No. 109) be summarily **DENIED and DISMISSED**.

2.     A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 2nd day of June 2016.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.