IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATS OF AMERICA

v.                             CASES NO.  4:09cr65-RH/CAS
                                                       4:16cv315-RH/CAS

JOHN WILKERSON,

        Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant John Wilkerson has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 110.  No objections have been filed.  This order accepts the report and recommendation and denies the § 2255 motion.

Under 18 U.S.C. § 924(c), it is a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence or drug trafficking crime."  Mr. Wilkerson was convicted under § 924(c) of possessing a firearm in furtherance of a drug trafficking crime.  The minimum mandatory sentence on that count was 25 years because Mr. Wilkerson had a prior 924(c) conviction.  The prior conviction was for using or carrying a firearm during and in relation to the crime of bank robbery in violation of 18 U.S.C. § 2113(a) and (d).

That prior 924(c) conviction was a "crime of violence" under the law of the circuit at that time.

Mr. Wilkerson asserts the prior 924(c) conviction is no longer a "crime of violence" based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held unconstitutionally vague part of the definition of a "violent felony" under § 924(e); the invalidated language is commonly referred to as the "residual clause." In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held *Johnson* retroactively applicable on collateral review.

Whether *Johnson* and *Welch* apply to the similar "residual clause" in the definition of a "crime of violence" in § 924(c) is an open question. But bank robbery in violation of § 2113(a) and (d) is a "crime of violence" under a different part of § 924(c). Controlling authority squarely so holds. *See In re Hunt*, No. 16-14756-J, 2016 WL 3895246 (11th Cir. July 18, 2016) (holding that bank robbery in violation of § 2113(a) and (d) is a "crime of violence" under § 924(c), even after *Johnson*); *In re Hines*, No. 16-12454-F, 2016 WL 3189822, at *3 (11th Cir. June 8, 2016) (same); *In re Sams*, 16-14515-J, 2016 WL 3997213, at *4 (11th Cir. July 26, 2016) (same, for a bank robbery conviction under § 2113(a) alone).

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing.  This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is denied.

SO ORDERED on August 1, 2016.

s/Robert L. Hinkle  
United States District Judge